UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY FAHME on behalf of himself and all others similarly situated

                Plaintiff,

-against-

MALEN & ASSOCIATES, P.C.

                Defendant.
-----------------------------------------------------------x

Case No. 12 CV 0322

**SETTLEMENT AND RELEASE**

This Settlement and Release ("Agreement") is made and entered into by and between ANTHONY FAHME ("Plaintiff") on the one part and MALEN & ASSOCIATES, P.C. ("Malen") on the other part, on the date hereinafter set forth.

WHEREAS, on or about January 24, 2012, Plaintiff filed an action entitled ANTHONY FAHME on behalf of himself and all others similarly situated, against MALEN & ASSOCIATES, P.C., Case No. 12 CV 0322, pending in the United States District Court, for the Eastern District of New York ("Lawsuit").

WHEREAS, the purpose of this Agreement is to resolve all existing and potential claims and outstanding obligations between Plaintiff and Malen (the "Parties") relating to the Lawsuit;

WHEREAS, the Parties are desirous of settling their differences without further action and without admission of liability by one to the other.

NOW, THEREFORE, in consideration of the covenants herein and other good and valuable consideration, the Parties hereto agree as follows:

Except as otherwise provided herein, Plaintiff hereby and for himself, his administrators, heirs and assigns, releases, acquits and forever discharge MALEN & ASSOCIATES, P.C., their predecessors, successors, officers, directors, shareholders, assigns, parents, subsidiaries, affiliates, related companies, agents, partners, employees, attorneys, insurers and representatives none of whom admit any liability, but all of whom expressly deny any liability from any and all claims actions causes of actions (whether arising in contract, tort, by statute or otherwise), demands, debts, liabilities, rights, damages, costs, loss of services, expenses, compensation, third-party actions, suits at law, or in equity, including claims or suits for contribution and/or indemnity of whatever nature, and all consequential damages, that were brought or could have been brought in the Lawsuit or which relate to, arise out of, or in any way result from any matter in connection with the Account or Lawsuit, excepting only those obligations imposed upon Malen under this Agreement, except that this Agreement and Release is intended to apply only to all existing and potential claims and outstanding obligations between the parties on the date of this Agreement.

In consideration for the discharge and release as set forth above, Malen agrees to issue the following settlement payment to Plaintiff, made payable to his attorney as follows: Adam Fishbein, Esq., 483 Chestnut Street, Cedarhurst, NY 11516. Plaintiff agrees to the total amount of $3,000.00 in full settlement, and said sum will also serve as compensation for attorneys' fees, court costs, filing and service fees. Plaintiff will also execute a Stipulation of Dismissal contemporaneously with this Agreement which Defendant will hold in escrow pending Plaintiff's receipt and clearance of the settlement funds. Defendant will pay the full settlement amount within fifteen (15) days after receiving the executed Agreement and Stipulation of Dismissal.

The Parties understand and agree that by execution of this Agreement there is no admission of any liability of any nature whatsoever and that this settlement is made entirely as a compromise and for the purpose of settlement of a disputed claim.

Plaintiff, Malen and their respective attorneys agree that: (a) the terms and conditions of this Agreement and of all documents related to the negotiation hereof, will be strictly and absolutely confidential; (b) that the originals and copies of this Agreement, and any documents relating to the negotiations hereof, shall be retained by each party in such a manner that it may be reasonably expected that unauthorized persons shall not have access to them; (c) that the terms and conditions of the Agreement, and documents related to the negotiation hereof, shall not be disclosed in any way to any person or organization outside of Malen and Plaintiff except:

By requirement of applicable law, however, if disclosure is required by a Court or regulatory body through a subpoena or other legal process, the party from whom disclosure is required will first immediately inform the other party in writing and shall, if the non-disclosing party request in writing, and at the non-disclosing party's expense, seek a protective order to prevent disclosure.

a. By prior written approval of the non-disclosing parties;

b. In connection with any action brought by either party regarding the enforcement of this Agreement; and

c. To the outside financial and legal advisors of the parties, but only to the extent such disclosure is necessitated by circumstances affecting a material business interest of the parties.

d. Plaintiff and Malen further acknowledge and agree that in the event of any breach of the confidentiality provisions of this Agreement, the remedy at law for such breach would be inadequate and the non-breaching party would be entitled to injunctive relief in addition to any other remedy at law.

This agreement shall be governed by the laws of the State of New York. Should any paragraph, provision or clause in this Agreement be found to be ineffective, invalid or unenforceable, the remainder of this Agreement shall be valid and enforceable and the Parties shall negotiate in good faith a substitute, valid and enforceable provision which more clearly

reflects the Parties intent in entering onto this Agreement. This Agreement constitutes the entire written agreement between the parties. There are no other agreements, whether oral or written, modifying its terms. This Agreement supersedes any and all prior written or oral agreements (including oral settlement agreements) between any of the Parties. The terms of the Agreement can only be modified by a writing signed by the Parties expressly stating that such modification is intended.

This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing certain claims by Plaintiff and Malen. Parties acknowledge that:

a. They have read this Agreement and are competent to execute it;

b. They have been represented in the preparation, negotiation and execution of this agreement by legal counsel of their own choice;

c. They understand the terms and consequences of this Agreement and of the releases and waivers it contains; and they have not relied upon any representations or statements made by the other party, which are not specifically set forth in this Agreement;

d. They are fully aware of the legal and binding effect of this Agreement;

e. They have not sold, assigned granted or transferred to any other person, corporate or natural, any claims encompassed by this Agreement that they have had or may have at any time in the future, or claim to have or have had against each other; and

f. The Parties to this Agreement shall execute any and all further documents that may be required to effectuate the purposes of the Agreement.

g. This Agreement may be executed in any number of counterparts, and by facsimile, each of which shall constitute a duplicate original hereof.

The effective date of this agreement shall be May 15, 2012.

IN WITNESS WHEREOF, the Parties have set their hand and seal the day set forth above.

_____
Adam J. Fishbein, Esq.
Attorney for Plaintiff
483 Chestnut Street
Cedarhurst, NY 11516
(516) 791-4400

_____
Adam Hughes, Esq.
MALEN & ASSOCIATES, p.c.
Attorneys for Defendant
123 Frost Street, Suite 203
Westbury, NY 11590
(516) 479-5953